**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN KRISTOFFER LARSGARD,

       Plaintiff-Appellant,

 v.

DAVID STRAUB, Corrections Officer III;
CHARLES L. RYAN, Director of the
Arizona Department of Corrections; C.
STANGL, Corrections Officer III; T.
SCHROEDER; ANNA JACOBS,

       Defendants-Appellees,

 and

BARTUCCIO; VASQUEZ; YOUNG;
MULCAHEY; ELIAS; A. FIGUROA; E.
ZAMARRIPA; KARUMBA; MARISSA
NUNEZ; RICK UNGER; WILFRED
WILLIAMS; CORIZON HEALTH, INC.;
WEXFORD HEALTH SOURCES
INCORPORATED; TILLEPAW; FRENCH;
GRASSE; CHERYL DOSSETT; AURORA
AGUILAR; UNKNOWN PARTIES,
Sergeant for Housing Unit 8, Other staff
members who are Correctional Officers,
Medical Doctor or Psychiatrist, Other staff
members who are employed by Corizon
Health Services, Medical Doctor, Various

No.   19-15762

D.C. No. 4:13-cv-00638-DCB

MEMORANDUM[*]

---

     [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

employees for Corizon Health Services/Wexford Health Sources, Inc. , Supervisor of mail and property, Michael, Correctional Officer, Legal Access Monitor,

Defendants.

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted July 17, 2020[**]

Before O'SCANNLAIN, TROTT, N.R. SMITH, Circuit Judges:

Jon Kristoffer Larsgard, a former Arizona inmate, appeals the district court's screening order dismissing some of his § 1983 claims. He also appeals from the orders granting summary judgment in favor of prison officials on others. A jury trial was held on two of Larsgard's Sixth Amendment claims; Larsgard alleges various errors occurred at trial and now appeals the adverse verdict. The facts of this case are known to the parties, and we do not repeat them here.[1]

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1]Larsgard argues that the district court erred in dismissing his non-compliant Complaint because the court's page-limitation rule is unconstitutional. However, the issue is moot because the district court dismissed the Complaint with leave to amend, and Larsgard amended his complaint several times after this ruling, suffering no injury. The operative complaint in this appeal is the Second Amended Complaint.

I

The district court did not err in dismissing some of Larsgard's claims pursuant to 28 U.S.C. § 1915A(a) in its Screening Order. Larsgard made conclusory allegations and failed to show that the named defendants were involved in violating his First Amendment rights allegedly by preventing his contact with his attorney. Thus he has failed to state a § 1983 claim against them. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). He also failed to allege facts demonstrating that the denial of an in-person interview with a journalist was in retaliation for his exercise of his constitutional rights rather than in compliance with Arizona Department of Corrections ("ADC") policy. *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997). Likewise, he failed to state facts that demonstrated a retaliatory motive on the part of any of the named defendants other than Straub and so failed to state a claim against them.

Nor did the district court err in dismissing other claims. Larsgard failed to state an access to courts claim because the ADC's decision to provide one type of legal assistance rather than another does not interfere with his right to bring a non-frivolous claim to court. *Lewis v. Casey,* 518 U.S. 343, 350-51 (1996). Finally, Larsgard failed to state an excessive force claim because he made conclusory allegations and did not provide facts demonstrating that any physical touch was unreasonable under the circumstances. *Hudson v. McMillian*, 503 U.S. 1, 7-9

(1992).

## II

The district court did not err in granting summary judgment in favor of Defendant Straub on Larsgard's retaliation claim. Larsgard filed an emergency grievance with the Warden but did not appeal that decision to the Director, as ADC policy requires for exhaustion. Thus, he did not exhaust all administrative remedies. *McKinney v. Carey,* 311 F.3d 1198, 1199-1200 (9th Cir. 2002).

## III

The district court did not err in determining that Defendant Ryan could be sued in his official capacity only. Larsgard offers no evidence that Ryan was aware of or participated in the violation of his constitutional rights, and §1983 does not permit respondeat superior liability. *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989).[2]

## IV

The district court did not err in determining that only nominal damages were available based on the evidence presented at trial and that Larsgard was not entitled to declaratory relief. The record reveals that Larsgard produced no evidence of

---

[2] Larsgard also argues that the district court erred in dismissing Schroeder. Yet official capacity claims against both Ryan and Schroeder would be duplicative because the real party in interest, and the party liable for damages, is the State. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The district court therefore did not err in dismissing Schroeder.

actual loss, and therefore he was not entitled to compensatory damages. *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 307 (1986).

Furthermore, he was not entitled to declaratory relief because he lost at trial. He does not argue that there was insufficient evidence to support the jury's verdict but simply that the district court erred in not instructing the jury on declaratory judgment. The jury returned a verdict in favor of prison officials, and thus Larsgard was not entitled to declaratory relief and the district court did not err in failing to give that instruction.

V

The district court did not abuse its discretion in refusing to allow evidence of prison officials' "similar conduct" of not adequately responding to his other grievances, not related to the grievance at issue at trial. The district court limited the evidence that could be offered to that of the relevant timeframe of the alleged Sixth Amendment violations and to the conduct of the relevant defendants, which is well within the discretion of the district court. *Grand Canyon Skywalk Dev., LLC v. 'Sa' Nyu Wa Inc.*, 715 F.3d 1196, 1202 (9th Cir. 2013); *See* Fed. R. Evid. 401.

VI

Finally, Larsgard challenges the jury instruction that stated: "When a

prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Yet, the record does not reveal that Larsgard objected to this instruction at trial, and he has therefore waived his right to challenge it on appeal. *Saman v. Robbins*, 173 F.3d 1150, 1155 (9th Cir. 1999). In any event, the instruction was a correct statement of the law. *See Turner v. Safley*, 482 U.S. 78, 89 (1987).

**AFFIRMED.**